UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. 04-128-21 (ESH) |
| **TOMMIE DORSEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Tommie Dorsey's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  *See Pro Se* Mot. for Compassionate Release, ECF No. 1371; Emergency Suppl. Mot. for Compassionate Release (filed by counsel), ECF No. 1376. Defendant seeks release based on medical conditions that he argues put him at increased risk of serious complications or death should he contract COVID-19.  The government opposes defendant's motion on multiple grounds.  For the reasons stated herein, defendant's motion will be denied.

### I. BACKGROUND

Mr. Dorsey is currently serving a 300-month sentence of imprisonment based on his 2007 Rule 11(c)(1)(C) guilty plea to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of Phencyclidine, Ecstasy, and 50 grams or more of cocaine base in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(A)(iii) and (iv), and one count of conspiracy to participate in a racketeer influenced corrupt organization in violation of 18 U.S.C. § 1962(d) and 1963(a).  *See* Plea Agreement, ECF No. 744; Judgment, ECF No. 971.  The Honorable Rosemary M. Collyer imposed the agreed-upon 300-month sentence of imprisonment followed by five years of supervised release as required by the Rule 11(c)(1)(C) plea agreement.  Mr.

Dorsey has served over 17 years in prison and his projected release date, with good time credits, is April 22, 2025. *See* https://www.bop.gov/inmateloc/ (last visited July 22, 2020). Upon Judge Collyer's retirement, Mr. Dorsey's case was assigned to this Court.

Mr. Dorsey is currently incarcerated at FCI Hazelton. On June 29, 2020, Mr. Dorsey, through counsel, filed a request with his warden for compassionate release or home confinement due to the COVID-19 pandemic and his underlying medical conditions. *See* Suppl. Mot., Ex. B, ECF No. 1376-2. Warden P. Adams denied Mr. Dorsey's request on July 16, 2020. *See* Suppl. to Mot., Ex. A, ECF No. 1382.

Mr. Dorsey's *pro se* motion for compassionate release was filed on June 12, 2020, and supplemented by the Federal Public Defender (FPD) on July 3, 2020. The government opposed on July 10, 2020 and FPD replied and submitted supplements to the motion on July 17, 2020 and July 20, 2020. *See* Opp'n, ECF No. 1378; Reply, ECF No. 1381; Suppl. to Mot., ECF No. 1382.

## II. ANALYSIS

Mr. Dorsey moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which provides that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a

>  reduction . . .
>
>  and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The statute requires that before a Court may determine a defendant's eligibility for compassionate release, that defendant must first exhaust his administrative remedies or wait 30 days from the date his request is submitted to the warden of the facility where the defendant is detained.  Mr. Dorsey filed a request with the warden of FCI Hazelton on June 29, 2020, so the requisite 30 days have now elapsed.  Therefore, the Court will proceed to assess the merits of his motion.

**A. Extraordinary and Compelling Reasons**

Mr. Dorsey argues that the existence of the COVID-19 pandemic in conjuncture with his type 2 diabetes, hypertension, and obesity constitute "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).  Specifically, he argues that his medical conditions increase his risk for severe complications from COVID-19 and the Bureau of Prisons (BOP) is unable to contain or adequately address the threat of COVID-19 within its facilities.[1] Extraordinary and compelling reasons for a sentence reduction exist when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, Application Note 1(A)(ii).  The government acknowledges that Mr. Dorsey suffers from at least two conditions

---

[1] Mr. Dorsey stresses BOP's inability to adequately protect inmates from the dangers of COVID-19, as well as the lack of testing at FCI Hazelton.  As of the time of this decision, only 77 inmates at FCI Hazelton had been tested for COVID-19, which is only 6% of the inmate population.  *See* https://www.bop.gov/coronavirus/ (last visited July 31, 2020); https://www.bop.gov/locations/institutions/haf/ (last visited July 31, 2020).

that are known to create serious risks if the individual contracts COVID-19, but argues that his young age (39), ability to control his diabetes with medication, and the low number of cases of COVID-19 among staff and inmates at FCI Hazelton demonstrate that extraordinary and compelling reasons do not exist for a sentence reduction. *See* Opp'n at 13-14. As of the date of the opposition, FCI Hazelton had only reported two positive COVID tests—one inmate and one staff member.

The Center for Disease Control (CDC) notes that "(people of any age with (type 2 diabetes and/or suffering from obesity are at increased risk of serious illness from COVID-19" and "people with (hypertension might be at an increased risk for severe illness from COVID-19." *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions people-with-medical-conditions.html-?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited July 27, 2020). The government argues that because Mr. Dorsey's diabetes is controlled by medication, he is not at serious risk of complications should he contract COVID-19.

The Court must give full and fair consideration to all the facts supporting a motion for compassionate release. Mr. Dorsey suffers from type 2 diabetes, hypertension, and obesity. While each alone could lead to very serious consequences if he were to contract COVID-19, together they significantly increase the potential for complications. *See* Dorsey Medical Records, ECF No. 1377-1. Although FCI Hazelton has only reported 2 positive cases of COVID-19, the minimal amount of testing conducted there does not allow the Court to make much of the low positive results. The danger of the COVID-19 pandemic in the BOP, Mr. Dorsey's increased risk for serious illness should he contract COVID-19, and the lack of testing at FCI Hazelton are extraordinary and compelling reasons that may justify a sentence reduction.

**B. 18 U.S.C. § 3553(a)**

The remaining question is whether, after considering the applicable § 3553(a) factors, the Court concludes that a sentence reduction to time served is warranted. The Court must deny a sentence reduction unless it determines that the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

At the time of sentencing, Mr. Dorsey received a 300-month sentence due to a Rule 11(c)(1)(C) plea agreement which bound Judge Collyer to the specific sentence agreed-upon by the parties if she accepted Mr. Dorsey's guilty plea. Mr. Dorsey was facing a possible guidelines sentence of life imprisonment had he not agreed to the 11(c)(1)(C) plea. The Court must consider each of the § 3553(a) factors in determining if a sentence reduction is warranted.

First, with respect to the "nature and circumstances of the offense," the Court finds that it does not weigh in favor of a reduction. Mr. Dorsey was involved in a pervasive and violent narcotics trafficking organization, known as the M-Street Crew, for approximately 7 years. *See* Factual Proffer at 2, ECF No. 745. As a part of the M-Street Crew, Mr. Dorsey carried a firearm to defend the group's territory and used that firearm to murder an individual on August 1, 2000. *Id*. at 2-3. Mr. Dorsey also admitted to his involvement in the distribution of "at least 30 kilograms of mixtures and substances containing PCP, at least one kilogram of ecstasy, and at least 1.5 kilograms of crack cocaine." *Id*. at 2.

Defendant's "history and characteristics" also weigh against a sentence reduction. Mr. Dorsey stresses the educational classes he has taken in prison, including Cognitive Behavioral Therapy, Parenting From a Distance, Choosing Friends Wisely, and BOP's Drug Education Course; his position as an orderly in janitorial services; and the completion of his GED. Suppl. Mot. at 43. The government highlights Mr. Dorsey's disciplinary infractions while in prison,

specifically his 2012 conviction for possession of a weapon.  *See* Opp'n at 3, 15.   Although the Court acknowledges that Mr. Dorsey has taken a significant number of courses while incarcerated and participated in work assignments, he also has a record of serious disciplinary infractions, including two for possession of a weapon, one of which resulted in a further conviction and consecutive six-month sentence.

      The government also argues that Mr. Dorsey should be required to serve the remainder of his sentence "to protect the public from further crimes" because he has a high risk of recidivism. *Id*. at 15.   The government relies only on a single line on Mr. Dorsey's BOP Inmate Profile, but it provides no additional information or research that Mr. Dorsey has a high risk of recidivism upon release.   Mr. Dorsey argues that he is committed to his rehabilitation and will not repeat the mistakes of his youth—he was in his late teens/early 20s when he committed the offense and is now 39.   He will also be supported by both his mother and wife upon his release.

      Mr. Dorsey also argues that a significant amount of time has passed since his conviction and other courts have released similarly situated defendants.  *See* Suppl. Mot. at 45-46. However, none of the cases cited by Mr. Dorsey involve defendants whose offense included murder and those defendants are either significantly older than Mr. Dorsey or suffer from more serious medical conditions.   Courts that have considered motions for compassionate release of defendants convicted of offenses involving murder have found that the seriousness of the offense prevents a sentence reduction.   *See United States v. DeSciscio*, No. 88-cr-239, 2020 WL 3893711 (D.N.J. July 10, 2020) (denying motion for compassionate release of defendant convicted of conspiracy to murder); *United States v. Hembry*, No. 12-cr-119, 2020 WL 1821930 (N.D. Ca. April 10, 2020) (denying motion for compassionate release of defendant convicted of RICO conspiracy and accessory after the fact to murder in aid of racketeering).

The Court finds that despite the increased risks of COVID-19 due to Mr. Dorsey's medical conditions and his participation in courses while incarcerated, the seriousness of the offense prevents the Court from finding that Mr. Dorsey would not be a danger to others or the community if his sentence were to be reduced to time served. Accordingly, the Court will deny defendant's motion for compassionate release.

### III. CONCLUSION

For all of the above reasons, the Court finds that while Mr. Dorsey has presented extraordinary and compelling reasons to consider a reduction in sentence due to his health concerns and the dangers of COVID-19, the § 3553(a) factors do not weigh in favor of a reduced sentence.

Accordingly, it is hereby

**ORDERED** that Mr. Dorsey's Motion for Compassionate Release, ECF No. 1371, and Emergency Supplemental Motion for Compassionate Release, ECF No. 1376, are **DENIED** without prejudice.



ELLEN S. HUVELLE
United States District Judge

Date: July 31, 2020